IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:06cv377

| | |
|---|---|
| FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC., and FAMILY DOLLAR SERVICES, INC., )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CHRISTIAN CASEY LLC d/b/a )<br>SEAN JOHN, SEAN JOHN )<br>CLOTHING, INC., A E SQUARE ONE, )<br>INC., ALLEN PENIAS, and )<br>BETTY PENIAS, )<br>)<br>Defendants. )<br>_____ )<br>)<br>CHRISTIAN CASEY LLC d/b/a )<br>SEAN JOHN, )<br>)<br>Cross-Claimant, )<br>)<br>vs. )<br>)<br>A E SQUARE ONE, INC., ALLEN )<br>PENIAS and BETTY PENIAS, )<br>)<br>Cross-Defendants. )<br>_____ )<br>)<br>CHRISTIAN CASEY LLC d/b/a )<br>SEAN JOHN, ) | **MEMORANDUM OF DECISION AND ORDER** |

|  |  |
|---|---|
| Third Party Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| OOC APPAREL, INC. and ELLIOT LAVIGNE, and DOES 1-10, | ) ) ) |
|  | ) |
| Third Party Defendants. | ) ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Defendants Christian Casey LLC and Sean John Clothing, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(5) or in the Alternative Motion to Transfer Venue [Doc. 20], filed on March 13, 2007; the Defendants Christian Casey LLC and Sean John Clothing, Inc.'s Amended Motion to Dismiss Pursuant to Rule 12(b)(5) or in the Alternative Motion to Transfer Venue [Doc. 24], filed on March 20, 2007; and the Motion of Third Party Plaintiff Christian Casey LLC d/b/a Sean John for Default Judgment as to A E Square One, Inc., OOC Apparel, Inc., and Elliot Lavigne [Doc. 53], filed on February 8, 2008.

I.     **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

    A.     **The Original Complaint**

The Plaintiff Family Dollar Stores, Inc. filed a Complaint for Declaratory Relief [Doc. 1] against the Defendants Christian Casey LLC,

Sean John Clothing, Inc., OOC Apparel, Inc., and A E Square One, Inc. on September 1, 2006.

The record reflects that Summonses were issued electronically for the Defendants on September 1, 2006. [Summonses, Docs. 2, 3, 4, 5]. Another set of Summonses were issued electronically for Christian Casey LLC and Sean John Clothing, Inc. on January 19, 2007. [Summonses, Docs. 7, 8]. On February 22, 2007, Plaintiff's counsel filed an Affidavit of Service, stating that the Defendants Christian Casey LLC and Sean John Clothing, Inc. were each served with a Summons and a copy of the Complaint filed in this action by certified mail on or about January 23, 2007, as evidenced by the signed return receipt cards attached to the Affidavit. [Amended Affidavit of Service by Certified Mail, Doc. 19].

On February 5, 2007, another set of Summonses were issued for A E Square One, Inc. and OOC Apparel, Inc. [Summonses, Docs. 10, 11]. The Plaintiff Family Dollar Stores, Inc. filed Affidavits of Service, indicating that the Defendant A E Square One, Inc. had been served with the Summons and Complaint. [Affidavit of Service, Doc. 17 and Affidavit of Service by Certified Mail, Doc. 18]. There is no evidence of service or any attempts at service of the Defendant OOC Apparel, Inc.

On February 8, 2007, the Defendants Christian Casey LLC and Sean John Clothing, Inc. filed a Motion for Extension of Time to Respond to Plaintiff's Complaint [Doc. 12]. The Court allowed the Defendants' motion, granting them until February 22, 2007 to respond to the Complaint. [Order, Doc. 14]. These Defendants subsequently moved to amend their Motion for an Extension of Time to reflect the correct dates agreed to by the parties. [Amended Motion for Extension of Time to Respond to Plaintiff's Complaint, Doc. 15]. That motion was also allowed, and these Defendants were granted until March 14, 2007 to respond to the Plaintiff Family Dollar Stores, Inc.'s Complaint. [Amended Order, Doc. 16].

On March 13, 2007, the Defendants Christian Casey LLC d/b/a Sean John and Sean John Clothing, Inc. filed a Motion to Dismiss Pursuant to Rule 12(b)(5) or in the Alternative Motion to Transfer Venue [Doc. 20].

**B.  The Amended Complaint**

The same day that the Defendants Christian Casey LLC and Sean John Clothing, Inc. filed their Motion to Dismiss [Doc. 20], an Amended Complaint was filed by the Plaintiffs Family Dollar Stores, Inc., Family Dollar, Inc. and Family Dollar Services, Inc. [First Amended Complaint, Doc. 22]. The Amended Complaint names as Defendants Christian Casey

4

LLC d/b/a Sean John ("Christian Casey LLC"), Sean John Clothing, Inc., and A E Square One, Inc., but OOC Apparel, Inc. is no longer identified as a Defendant. Two new Defendants, Allen Penias and Betty Penias, are also named as parties. [Id.]. In addition to seeking a declaratory judgment concerning the rights and liabilities of the parties, the Amended Complaint also asserts claims for fraud, negligent misrepresentation, and unfair trade practices under North Carolina law. [Id. at 5-9].

On March 20, 2007, the Defendants Christian Casey LLC and Sean John Clothing, Inc. filed an Amended Motion to Dismiss [Doc. 24], asserting that the Amended Complaint must be dismissed for the same reasons asserted in their original Motion to Dismiss [Doc. 20].

Upon the request of the Plaintiffs, and without objection from the Defendants, the Court granted the Plaintiffs three extensions of time in which to file a response to the Defendants' Amended Motion to Dismiss. [Orders on Consent Motions for Enlargement of Time to Respond to Defendants' Amended Motion to Dismiss, Docs. 28, 30, 32]. Ultimately, the Plaintiffs were allowed until May 15, 2007 to file an opposition to the motion. [Doc. 32]. The Plaintiffs, however, failed to file any opposition to the Defendants' Motions to Dismiss.

5

Upon motion [Doc. 35] of the Plaintiffs, the Clerk made an Entry of Default against A E Square One on June 25, 2007. [Doc. 37]. The Plaintiffs subsequently moved for a default judgment against this Defendant, which the Court entered on July 26, 2007. [Doc. 43].

There is no evidence in the record that Summonses were ever issued for or served on the Defendants Allen Penias and Betty Penias.

**C.     The Third Party Complaint and Cross-Claim**

On June 22, 2007, the Defendant Christian Casey LLC filed a Third Party Complaint for trademark counterfeiting, infringement, and dilution under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("Lanham Act") and related claims of unfair competition and unfair and deceptive trade practices under North Carolina law. [Third Party Complaint, Doc. 33 at ¶ 1]. OOC Apparel, Inc., Elliot Lavigne, and Does 1-10 are identified as the Third Party Defendants. [Id. at ¶¶ 5, 6].

Summonses issued electronically for OOC Apparel, Inc. and Elliot Lavigne on June 26, 2007. [Summonses, Doc. 38]. On August 20, 2007, counsel for Christian Casey LLC filed an Affidavit of Service [Doc. 44], stating that Elliot Lavigne was served with the Summons and Complaint via certified mail on June 27, 2007. A return receipt signed by Mr. Lavigne is

attached to the Affidavit. [Affidavit of Service, Doc. 44, Ex. A]. On August 23, 2007, counsel for Christian Casey LLC filed an Affidavit of Service [Doc. 45], stating that he served OOC Apparel, Inc. with the Summons and Complaint by certified mail on August 17, 2007. A return receipt signed by Mr. Lavigne is attached, confirming that delivery was made on August 20, 2007. [Affidavit of Service, Doc. 45, Ex. A].

Upon motion of Christian Casey LLC, the Clerk of Court made an Entry of Default against Third-Party Defendant Elliot Lavigne on August 29, 2007 [Doc. 47], and against Third-Party Defendant OOC Apparel, Inc. on September 11, 2007 [Doc. 49].

On June 22, 2007, Christian Casey LLC filed a Cross-Claim against A E Square One, Inc., Allen Penias, and Betty Penias for trademark infringement and dilution under the Lanham Act and for unfair competition and unfair and deceptive trade practices under North Carolina law. [Doc. 34]. An Affidavit of Service [Doc. 50] filed by counsel on September 17, 2007 indicates that a copy of the Cross-Claim was sent by certified mail to A E Square One, Inc. c/o Betty Penias on September 7, 2007. An attached return receipt indicates that delivery was completed on September 10, 2007. [Doc. 50, Ex. A].

Upon motion of the Cross-Claimant Christian Casey LLC d/b/a Sean John, the Clerk of Court made an Entry of Default against Cross-Defendant A E Square One, Inc. on November 26, 2007 [Doc. 52].

On February 8, 2008, Christian Casey LLC d/b/a Sean John filed a Motion for Default Judgment [Doc. 53] as to Cross-Defendant A E Square One, Inc., Third Party Defendant OOC Apparel, Inc., and Third Party Defendant Elliot Lavigne. No opposition has been filed to this motion.

## II. ANALYSIS

### A. Motions to Dismiss

The Defendants Christian Casey LLC and Sean John Clothing, Inc. move to dismiss the Complaint filed by the Plaintiff Family Dollar Stores, Inc. [Defendants' Motion to Dismiss, Doc. 20]. In response to the Amended Complaint [Doc. 22] that was filed by Family Dollar Stores, Inc., Family Dollar, Inc., and Family Dollar Services, Inc. on March 13, 2007, the Defendants Christian Casey LLC and Sean John Clothing, Inc. filed an Amended Motion to Dismiss [Doc. 24], seeking dismissal of the Amended Complaint [Doc. 22] on the same grounds as asserted in their original Motion to Dismiss [Doc. 20].

In their Motions to Dismiss [Docs. 20, 24], the Defendants Christian Casey LLC and Sean John Clothing, Inc. argue that the Complaint must be dismissed because they were not timely served with the Summons and Complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. [Motion to Dismiss, Doc. 20 at 1-2; Amended Motion to Dismiss, Doc. 24]. The Defendants argue that this delinquent service was prompted by the Defendants' filing of a trademark action on January 17, 2007 against Family Dollar Stores, Inc. in the United States District Court for the Southern District of New York. [Defendants' Memorandum in Support of Motion to Dismiss, Doc. 21 at 3]. The Defendants argue in the alternative that this matter should be transferred to the United States District Court for the Southern District of New York, as all of the Defendants are organized or incorporated in New York and have their principal places of business there, and the Plaintiff, a Delaware corporation, conducts business in the State of New York. Thus, the Defendants argue, transferring this matter to the Southern District of New York would be convenient for all of the parties and witnesses involved. [Motion to Dismiss, Doc. 20 at 2].

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In the present case, the Plaintiff Family Dollar Stores, Inc. filed its Complaint on September 1, 2006. [Complaint, Doc. 1]. Accordingly, Rule 4(m) required the Plaintiff to serve the Defendants with the Summons and Complaint on or before December 30, 2006. The sworn Affidavit of Service [Doc. 19] filed by Plaintiff's counsel on February 22, 2007, establishes that the Defendants Christian Casey LLC and Sean John Clothing, Inc. were each served with a Summons and a copy of the Complaint filed in this action by certified mail on January 23, 2007, more than twenty (20) days beyond the 120-day period for service required by Rule 4(m).

When a defendant moves for dismissal based upon insufficient service of process, the burden is on the plaintiff to show that service of process was completed as required by Rule 4 of the Federal Rules of Civil

Procedure. See Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003), aff'd, 122 Fed. Appx. 40 (4th Cir. Feb. 16, 2005). If service was not accomplished in the time period allowed, the plaintiff has the burden of demonstrating good cause for its failure to effect timely service. See King v. Jeffries, 402 F.Supp.2d 624, 637 (M.D.N.C. 2005).

In the present case, the Plaintiffs have not opposed either of the Defendants' Motions to Dismiss, despite being given three extensions of time to do so. The Plaintiffs have failed to come forth with any evidence that service was attempted on these Defendants at any time prior to December 30, 2006, nor is there any evidence that these Defendants attempted to evade service during that time. The Affidavit of Service submitted by Plaintiffs' counsel indicates that these Defendants were served more than twenty (20) days after the 120-day period for service had expired. [Doc. 19]. The Plaintiffs have not demonstrated good cause for their failure to effect timely service on these Defendants and have not provided any basis to the Court for finding that the service of these Defendants more than twenty (20) days beyond the 120-day period for service should be considered timely. In light of the Plaintiffs' lack of opposition to these motions and the absence of a showing of good cause

for failing to serve these Defendants in a timely manner, the Plaintiffs' claims against the Defendants Christian Casey LLC and Sean John Clothing, Inc. are hereby **DISMISSED WITHOUT PREJUDICE** for insufficient service of process.

For the foregoing reasons, Defendants Christian Casey, LLC and Sean John Clothing, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(5) or in the Alternative Motion to Transfer Venue [Doc. 20] and the Amended Motion to Dismiss Pursuant to Rule 12(b)(5) or in the Alternative Motion to Transfer Venue [Doc. 24] are **GRANTED**. The Defendants Christian Casey, LLC and Sean John Clothing, Inc. are hereby **DISMISSED WITHOUT PREJUDICE** from this action.

### B. Motions for Default Judgment

Christian Casey LLC moves for a default judgment as to Cross-Defendant A E Square One, Inc., Third Party Defendant OOC Apparel, Inc., and Third Party Defendant Elliot Lavigne [Motion for Default Judgment, Doc. 53].

This motion raises what appears to be a contradiction. On the one hand Christian Casey, LLC asserts that this Court has no personal jurisdiction over it because it was never served with process. On the other

hand Chirstian Casey, LLC invokes the jurisdiction of this Court to enter a judgment in its favor against these Third-Party Defendants.  Originally, presenting the Court with such a contradiction would have constituted a waiver of the service of process objection and resulted in the denial of Defendant's 12(b)(5) Motion. See, e.g., North Branch Products, Inc. v. Fisher, 284 F.2d 611 (D.C. Cir. 1960).  However, "the trend in more recent cases is to hold that no Rule 12(b) defense is waived by the assertion of a counterclaim, whether permissive or compulsory . . . . This approach seems sound . . . . [T]his practice of *allowing a defendant in effect to plead alternatively a counterclaim* and one or more threshold defenses conserves judicial resources, for if one of the defenses proves successful, the parties need not litigate a claim that the defendant presumably has no interest in asserting independently." 5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1397 (3d ed. 2004) (emphasis added). See, e.g., Rates Tech. Inc. v. Nortel Networks Corp., 399 F.3d 1302, 1308 (Fed. Cir. 2005), cert. denied, 545 U.S. 1141, 125 S.Ct. 2981, 162 L.Ed.2d 890 (2005); Bayou Steel Corp. v. M/V Amstelvoorn, 809 F.2d 1147, 1149 (5th Cir. 1987); Chase v. Pan-Pacific Broadcasting, Inc., 750 F.2d 131, 132 (D.C. Cir. 1984); Gates Learjet Corp. v. Jensen, 743 F.2d

1325, 1330 n.1 (9th Cir. 1984); Neifeld v. Steinberg, 438 F.2d 423, 428 (3d Cir. 1971); Gordon v. Hunt, 116 F.R.D. 313, 324 (S.D.N.Y. 1987); Pittsburgh Terminal Corp. v. Mid Allegheny Corp., 110 F.R.D. 4, 6-7 (S.D.W. Va. 1985); Queen Noor, Inc. v. McGinn, 578 F.Supp. 218, 220 (S.D. Tex. 1984); In re Arthur Treacher's Franchise Litig., 92 F.R.D. 398, 413-14 (E.D. Pa. 1981). This rationale has been held to be equally applicable to third-party claims and cross-claims. See Procter & Gamble Cellulose Co. v. Viskoza-Loznica, 33 F.Supp.2d 644, 662 (W.D. Tenn. 1998). As such, Defendant Christian Casey, LLC's cross-claims and third party claims are made in the alternative to its Motion to Dismiss. Since the Motion to Dismiss has been granted, the request for relief alternative thereto must be denied.

Because Christian Casey LLC has been dismissed without prejudice from this action, its third-party claims and cross-claims are also **DISMISSED WITHOUT PREJUDICE**. See Pittsburgh Terminal Corp. v. Mid Allegheny Corp., 110 F.R.D. 4, 8 (S.D.W. Va. 1985) (dismissing defendants' counterclaims where defendants were dismissed for insufficient service of process). Accordingly, Third-Party Defendants OOC Apparel, Inc., Elliot Lavigne, and Does 1-10 and Cross-Defendants A E

14

Square One, Inc., Allen Penias, and Betty Penias are hereby **DISMISSED WITHOUT PREJUDICE**, and Christian Casey LLC's Motion for Default Judgment [Doc. 53] is **DENIED**.

## C. Remaining Claims

With the dismissal of the Plaintiffs' declaratory judgment action against Christian Casey LLC and Sean John Clothing, Inc., and the dismissal of Christian Casey LLC's third-party claims and cross-claims, the only remaining claims in this action are (1) the claims asserted by Plaintiff Family Dollar Stores, Inc. against OOC Apparel, Inc. in the original Complaint [Doc. 1] and (2) the Plaintiffs' claims against Allen Penias and Betty Penias asserted in the Amended Complaint [Doc. 22].

### 1. OOC Apparel, Inc.

While the Plaintiff Family Dollar Stores, Inc. named OOC Apparel, Inc. as a Defendant in the original Complaint [Doc. 1]. However, OOC Apparel, Inc. was not named as a Defendant in the Amended Complaint, and the Plaintiffs make no claims in the Amended Complaint against this Defendant. [Doc. 22]. As such, the Plaintiff Family Dollar Stores, Inc. is deemed to have waived or abandoned its claim against this Defendant. See Young v. City of Mount Rainer, 238 F.3d 567, 573 (4th Cir. 2001) ("if

15

an amended complaint omits claims raised in the original complaint, the plaintiff has waived these omitted claims"). Accordingly, the Plaintiff Family Dollar Stores, Inc.'s claims against the Defendant OOC Apparel, Inc., stated in the original Complaint, are hereby **DISMISSED**, having been waived by the Plaintiff by the filing of the Amended Complaint.

### 2. Allen Penias and Betty Penias

There is no evidence in the record that Summonses were ever issued for or served on either Allen Penias or Betty Penias. Rule 4(m) required the Plaintiff to serve these Defendants with the Summons and a copy of the Amended Complaint on or before July 11, 2007. See Fed. R. Civ. P. 4(m) (requiring service of process within 120 days of filing the Complaint). Accordingly, the Plaintiff Family Dollar Stores, Inc., Family Dollar, Inc., and Family Dollar Services, Inc. are hereby placed on notice that unless good cause is shown to the Court for their failure to effect service of the Summons and Complaint on the Defendants Allen Penias and Betty Penias within ten (10) days from the entry of this Order, this action shall be dismissed without prejudice without further Order.

## III. CONCLUSION

For the reasons set forth herein, **IT IS, THEREFORE, ORDERED**:

(1) The Defendants Christian Casey, LLC d/b/a Sean John and Sean John Clothing, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(5) [Doc. 20] is **GRANTED**;

(2) The Defendants Christian Casey, LLC d/b/a Sean John and Sean John Clothing, Inc.'s Alternative Motion to Transfer Venue [Doc. 20] is **DENIED AS MOOT**;

(3) The Defendants Christian Casey, LLC d/b/a Sean John and Sean John Clothing, Inc.'s Amended Motion to Dismiss Pursuant to Rule 12(b)(5) [Doc. 24] is **GRANTED**;

(4) The Defendants Christian Casey, LLC d/b/a Sean John and Sean John Clothing, Inc.'s Alternative Motion to Transfer Venue [Doc. 24] is **DENIED AS MOOT**;

(5) The Defendants Christian Casey, LLC d/b/a Sean John and Sean John Clothing, Inc. are hereby **DISMISSED WITHOUT PREJUDICE** from this action;

(6) The third-party claims and cross-claims of Third Party Plaintiff Christian Casey LLC d/b/a Sean John are **DISMISSED WITHOUT PREJUDICE**;

(7) The Third-Party Defendants OOC Apparel, Inc., Elliot Lavigne, and Does 1-10 and Cross-Defendants A E Square One, Inc., Allen Penias, and Betty Penias are hereby **DISMISSED WITHOUT PREJUDICE**;

(8) The Motion of Third Party Plaintiff Christian Casey LLC d/b/a Sean John for Default Judgment as to A E Square One, Inc., OOC Apparel, Inc., and Elliot Lavigne [Doc. 53] is **DENIED**;

(9) The Plaintiff Family Dollar Stores, Inc.'s claims against the Defendant OOC Apparel, Inc., stated in the original Complaint, are hereby **DISMISSED**, having been waived by the Plaintiff by the filing of the Amended Complaint.

(10) The Plaintiffs Family Dollar Stores, Inc., Family Dollar, Inc., and Family Dollar Services, Inc. shall show good cause within ten (10) days of the entry of this Order for the failure to effect on the Defendants Allen Penias and Betty Penias, within 120 days from the filing of the Amended Complaint. Failure of the Plaintiffs to respond in writing within ten (10) days shall result in

a dismissal without prejudice of this action without further Order of the Court.

**IT IS SO ORDERED**.

Signed: March 20, 2008

Martin Reidinger
United States District Judge